**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TAYLOR JONES, on behalf of herself and all similarly situated employees,** | ) | |
| **Plaintiff,** | ) | **NO. 3:24-cv-00165** |
| **v.** | ) | **JUDGE CAMPBELL** |
| **BUTTERMILK RANCH, LLC; ALYSSA GANGERI; and JEFFERSON PENNINGTON,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Buttermilk Ranch, LLC's ("Buttermilk Ranch" or "the LLC") motion for partial summary judgment (Doc. No. 73) on the single issue of the employer status of Defendant Jefferson Pennington ("Pennington") under the FLSA. Plaintiff filed a response in opposition (Doc. No. 79), and Buttermilk Ranch did not file a reply.[1] For the reasons stated herein,[2] the motion is **DENIED**.

Whether an individual is an employer within meaning of FLSA is question of law. *U.S. Dept. of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Crowell v. M Street Entertainment, LLC*, 670 F.Supp.3d 563, 577 (M.D. Tenn.

---

[1] For ease of reference, Buttermilk Ranch's statement of undisputed material facts (Doc. No. 74) together with Plaintiff's response (Doc. No. 80) is cited as "BMR SOF ¶ __."

[2] At this stage, the Court construes the factual record in the light most favorable to Plaintiff, the nonmoving party. *C.S. v. McCrumb*, 135 F.4th 1056, 1060 (6th Cir. 2025). The factual background in this Memorandum is not a complete statement of the facts in this case but rather includes the facts necessary for the Court's analysis and resolution of the pending motion.

2023) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) and citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973) and *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). As the Sixth Circuit has explained:

> Under FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee ..." 29 U.S.C. § 203(d). In *Fegley v. Higgins,* 19 F.3d 1126 (6th Cir.), *cert. denied,* 513 U.S. 875, 115 S.Ct. 203, 130 L.Ed.2d 134 (1994), we held that the test to be applied in determining whether a person is an "employer" responsible for FLSA obligations is one of "economic reality." *Id.* at 1131. More than one "employer" can be responsible for FLSA obligations. Thus, a corporate officer who has operational control of the corporation's covered enterprise is an "employer" under FLSA, along with the corporation itself. *Id.* One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an "employer" for the purposes of FLSA. *Id.*

*Cole Enterprises, Inc.*, 62 F.3d at 778; *see also Rhea v. West Tennessee Violent Crime & Drug Task Force*, 825 Fed. Appx. 272, 276 (6th Cir. 2020).

In the present case, Pennington is the Chief Manager of Buttermilk Ranch and owns a significant portion of the LLC (40%) through his 50% ownership of Urban Grub Holdings, LLC. (BMR SOF ¶¶ 2-3). As the Chief Manager of the LLC, Pennington is responsible for ensuring that it complies with wage-and-hour laws. (*See id*. ¶ 21). Pennington participates in weekly meetings about the LLC's operations, including issues involving the LLC's employees, policies, profits, and labor costs. (*See id*. ¶ 24). In addition to his involvement in selecting the LLC's payroll processor, Pennington reviews the LLC's labor reports on a weekly basis and communicates issues with the same (such as hourly employees not clocking in or out) to the LLC's managers for action. (*See id*. ¶ 14). Pennington has the authority to hire and fire the LLC's employees. (*See id*. ¶ 12). The LLC

cannot change its pay practices without approval or involvement from Pennington or someone to whom he has delegated his authority. (*See id*. ¶¶ 19-20). Pennington exercises indirect control over the LLC's employment records jointly with the other members of the LLC. (Pennington Answer to Amended Complaint, Doc. No. 68 ¶ 49). Similarly, Pennington exercises control over the LLC's assets jointly with the other members of the LLC. (*See id*. ¶ 48). Pennington also unilaterally spends the LLC's assets on things such as maintenance repairs. (*See* Pennington Deposition, 46:7-20).

Based on the undisputed evidence in the record, no reasonable jury would be free to disbelieve that Pennington has operational control of Buttermilk Ranch. That Pennington shares such control with other members of the LLC does not change this conclusion. (*See* Buttermilk Ranch's supporting memorandum of law, Doc. No. 78 at 6 ("[t]o be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions.") (quoting *Dole*, 942 F.2d at 966). Accordingly, the Court finds that Pennington individually qualifies as an employer under the FLSA as a matter of law. Therefore, Buttermilk Ranch's motion for partial summary judgment (Doc. No. 73) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE