**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TAYLOR JONES, on behalf of herself and all similarly situated employees,** | ) | |
| **Plaintiff,** | ) | **NO. 3:24-cv-00165** |
| **v.** | ) | **JUDGE CAMPBELL** |
| **BUTTERMILK RANCH, LLC; ALYSSA GANGERI; and JEFFERSON PENNINGTON,** | ) | **MAGISTRATE JUDGE FRENSLEY** |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is a motion for partial summary judgment (Doc. No. 75) filed by Named Plaintiff Taylor Jones and the 12 Opt-in Plaintiffs (collectively "Plaintiffs") who have joined this collective action brought against Defendants under the Fair Labor Standards Act ("FLSA"). The motion concerns three discrete issues: (1) the employer status of Defendant Jefferson Pennington; (2) the legal sufficiency of Defendant Buttermilk Ranch, LLC's ("Buttermilk Ranch" or "the LLC") tip-credit notice; and (3) whether Buttermilk Ranch is liable for underpayment of overtime compensation. The motion is fully briefed and ripe for adjudication. (Doc. Nos. 81, 85, 86).[1] For the reasons stated herein,[2] the motion (Doc. No. 75) is **GRANTED**.

As an initial matter, the Court has already concluded that Defendant Jefferson Pennington individually qualifies as an employer under the FLSA, and Buttermilk Ranch has already conceded

---

[1] For ease of reference, Plaintiffs' statement of undisputed material facts (Doc. No. 77) together with Defendants' response (Doc. No. 82) is cited as "Plf. SOF ¶ __."

[2] At this stage, the Court construes the factual record in the light most favorable to Defendants, the nonmoving parties. *C.S. v. McCrumb*, 135 F.4th 1056, 1060 (6th Cir. 2025).

that it underpaid overtime compensation to certain Plaintiffs. (*See* Doc. No. 87; Doc. No. 41 at 5-6; Doc. No. 81 at 10-13). Accordingly, Plaintiffs' motion for summary judgment (Doc. No. 75) is **GRANTED** in their favor as to Pennington's employer status and Buttermilk Ranch's liability for underpayment of overtime compensation.

As for the tip-credit notice issue, the FLSA generally mandates that employers compensate employees no less than the federal minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a).[3] However, the FLSA's minimum wage requirements apply differently to tipped employees in that the Act permits employers to take what is referred to as a "tip credit" exemption when paying such employees. 29 U.S.C. § 203(m)(2)(A). Specifically, the tip credit exemption enables the employer to pay its tipped employees $2.13 per hour. The FLSA requires that an employee's tips make up the difference between the $2.13 wage and the general minimum wage, but the employer must pay to ensure that the tipped employee makes at least the minimum wage if/when that difference does not end up being covered by tips. 29 U.S.C. § 203(m).

Importantly, an employer is required to provide an employee with certain information before it may take advantage of the tip credit exemption from paying the federal minimum wage:

> Pursuant to section 3(m)(2)(A), an employer is not eligible to take the tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m)(2)(A) of the Act, i.e.: The amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be

[3] The FLSA requires that every covered employer "shall make, keep, and preserve ... records of the persons employed" and of "the wages, hours, and other conditions and practices of employment maintained" by the employer, and "shall preserve such records for such periods of time" required by regulation. 29 U.S.C. § 211(c). For tipped employees, employers are also required to keep and maintain records of the weekly or monthly amount of tips employees receive and report to the employer and the amount by which wages were increased by tips. 29 C.F.R. § 516.28. Payroll records must be maintained for three years and time records, including timecards, must be retained for two years. 29 C.F.R. §§ 516.5, 516.6.

> retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of the requirements in this section.

29 C.F.R. § 531.59(b). Thus, by its terms, Section 531.59(b) interprets Section 203(m)(2)(A) as requiring the employer to inform the employee of five things to be eligible for the tip credit:

1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

"[A]n employer who invokes a statutory exemption from minimum wage liability" – like Buttermilk Ranch and the tip credit – "bears the burden of proving its qualification for that exemption." *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 549 n.4 (6th Cir. 1999) ("Because Congress designed the FLSA to remedy disparities in bargaining power favorable to employers, the courts narrowly construe the provisions of that statutory scheme, including its exemptions, in the employee's favor."); *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) ("Subsection 203(m) allows for employers to take a tip credit toward the minimum wage owed an employee only if the employee has been informed by the employer of the provisions of this subsection.") (internal quotations omitted).

Through their pending motion, Plaintiffs submit that Buttermilk Ranch cannot claim a tip-credit for them because it failed to inform them of at least two of the five content requirements. *See Crowell v. M St. Ent., LLC*, 670 F. Supp. 3d 563, 592 (M.D. Tenn. 2023) (failure to notify employees of the FLSA tip credit provisions triggers a minimum wage violation and results in forfeiture of the tip credit). In support, Plaintiffs direct the Court to undisputed evidence that the content of Buttermilk Ranch's verbal tip-credit notice to Plaintiffs was generally as follows: (1) Plaintiffs would earn $2.13 per hour; (2) Buttermilk Ranch would claim a tip credit for Plaintiffs; and (3) Buttermilk Ranch would increase Plaintiffs' respective pay to $7.25 per hour if their tips did not bring their total earnings up to $7.25 per hour. (Plf. SOF ¶¶ 77-78, 81-83, 90-91, 99, 107, 113-115, 121, 123, 129, 131, 136, 138, 144, 146, 152, 154, 160, 162, 169, 173, 175). In further support of their motion, Plaintiffs direct the Court to the deposition testimony of a Buttermilk Ranch corporate representative taken on April 23, 2025, where, in response to a question about whether the LLC had documents in its possession, custody, and control that would reflect that it had provided tip-credit notice to the LLC's employees, Buttermilk Ranch testified that it had no such documentation. (Doc. No. 77-1 at 7-8).

Although Buttermilk Ranch filed a response in opposition to Plaintiffs' pending motion (Doc. No. 81), it does not deny that the tip-credit notice its corporate representatives and/or managers testified to giving Plaintiffs fails to satisfy the requirements of Section 531.59(b) and Section 203(m)(2)(A). Instead, Buttermilk Ranch directs the Court to evidence that it provided *other* employees (who are not parties to this action) with more information about the tip-credit than it provided to each Plaintiff in this case. However, the information that Buttermilk Ranch claims to have provided to *other* employees does not contradict Buttermilk Ranch's testimony as to the content of the tip-credit notice it provided to *each of the Plaintiffs in this case*. Indeed,

Buttermilk Ranch conceded the same when it agreed that Plaintiffs' statements of material fact as to the content of Buttermilk Ranch's verbal tip-credit notice to Plaintiffs are undisputed. (*See* Plf. SOF ¶¶ 77-78, 81-83, 90-91, 99, 107, 113-115, 121, 123, 129, 131, 136, 138, 144, 146, 152, 154, 160, 162, 169, 173, 175). As such, Buttermilk Ranch has failed to create a genuine dispute as to the content of the tip-credit notice it provided to Plaintiffs in this case. And, as noted above, Buttermilk Ranch does not argue that the tip-credit notice it testified to providing each of the Plaintiffs in this case satisfies the requirements of Section 531.59(b) and Section 203(m)(2)(A). Accordingly, Plaintiffs' motion for summary judgment (Doc. No. 75) is **GRANTED** in their favor on the tip-credit notice issue.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE